UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA WROBLESKI,

       Plaintiff,

-against-

CITY OF NEW YORK; LITTLE FLOWER
CHILDREN AND FAMILY SERVICES;
SHEILA JOHNSON; DAVID USDAN;
BARBARA SIMON; NEW YORK CITY,

       Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/27/2019

18-CV-8208 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

 Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated November 5, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

 Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Little Flower Children & Family Services, Barbara Simon, Sheila Johnson, David Usdan, and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Little Flower Children & Family Services, Barbara Simon, Sheila Johnson, David Usdan, and the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: November 27, 2019
        New York, New York

Vernon S. Broderick
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Little Flower Children and Family Services
   630 Flushing Avenue
   Brooklyn, New York 11208

2. Sheila Johnson
   Little Flower Children and Family Services
   630 Flushing Avenue
   Brooklyn, New York 11208

3. Barbara Simon
   Little Flower Children and Family Services
   630 Flushing Avenue
   Brooklyn, New York 11208

4. David Usdan, Dir. Of MHS Office of NYS Family Court NYC
   60 Lafayette Street
   New York, N.Y. 10013

5. City of New York
   100 Church Street
   New York, N.Y. 10007