Case 1:18-cv-08208-VSB

## United States District Court
## Southern District of New York

Jessica Wrobleski,

        Plaintiff, Pro Se                18-cv-08208-VSB

   -against-                           **Third Amended Complaint**

Little Flower Children and Family Services,      Trial By Jury --- No
Sheila Johnson, Barbara Simon, New York City,
A.C.S. Commissioner David Hansell, David Usdan
Respondents.

1

I. **Basis For Jurisdiction**
   ❏ Federal Question
   ❏ Diversity of Citizenship

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

Reproductive rights sanctioned and limited because of the actions of the defendant and privy parties fraud, misconduct, ASFA of 1997 violations in length of time, Substantive and procedural due processes obstructed; tampered with to removal impartiality, 14th amendment parental right liberty interest and child custody, Equal Protections Clause, 8th amendment freedom from cruel and unusual treatment per ASFA time length and in causing severe distress from their legal malpractices and abuse of the processes, malicious prosecution.

B. Of what State is each party a citizen?

The plaintiff, Jessica Wrobleski, is a citizen of the State of New York.

The Defendant(s) of who are individuals are:
1. The defendant, Sheila Johnson, is a citizen of the State of North Carolina.
2. The defendant, Barbara Simon, is a citizen of the State of New York.
3. The defendant, David Usdan, is a citizen of the State of New York.
4. The defendant, Commissioner David Hansell is a citizen of the State of New York

The Defendant(s) as a corporation are:
1. Little Flower Children and Family Services, is incorporated under the laws of the State of New York, has its principal place of business in the State of New York.
2. New York City, is incorporated under the laws of the State of New York, has its principal place of business in the State of New York.

II. **Parties**

A. **Plaintiff Information**
   Jessica A. Wrobleski
   190 Henry Street 1st Floor
   Binghamton, New York 13901
   T: 607-621-0884 E: Wrobleski0138@gmail.com

B. **Defendant Information**
Defendant 1: Sheila Johnson
1331 Western Ave.
Rocky Mount, North Carolina, 27804

2

Defendant 2: Barbara Simon
Little Flower Children and Family Services
630 Flushing Ave
Brooklyn, N.Y. 11206
E Simonb@lfchild.org T: 631-929-5341

Defendant 3: David Usdan
MHS Office of the NYS Family Court NYC
60 Lafayette Street 6th floor
New York, N.Y. 10013

Defendant 4: Commissioner of the A.C.S. David Hansell
150 William Street 18th floor
New York, N.Y. 10038

Defendant 5: New York City
Corporation Counsel
100 Church Street
New York, N.Y. 10007

Defendant 6: Little Flower Children and Family Services
Attn: Corinne Hammons and Antonino Esposito
2450 North Wading River Road          or   630 Flushing Ave.
Wading River, N.Y. 11792                    Brooklyn, N.Y. 11206
T: 631-929-6200  E: hammonsc@lfchild.org

### III. Statement of Claim
Place(s) of occurrence:
   a. Little Flower Children and Family Services Offices in Queens but moved to Brooklyn 1-2019
   b. A.C.S. 150 William Street NYC, N.Y. 10038
   c. Reportings to and affected N.Y.S. Family Court N.Y.C 60 Lafayette Street, NYC, N.Y. 10013

Dates of the occurrence: 2015 - present

**Facts:**
(The facts that support my case. Describing what happened, how i was harmed, and what each defendant personally did or failed to do that harmed me.)

1. Per Rule 8 of FRCP, the grounds for jurisdiction is that this is a case matter of federal question for a civil rights complaint matter that alleges that the defendant parties and privy parties committed fraud, abuses, misconduct, malpractices, deliberately to obstruct, interfere with, tampered with (by adding lies or refusing to add truthful contents given to

3

them), caused to remove impartiality from this plaintiffs substantive and procedural due processes in the NYS Family Court NYC case matter that has taken custody of my son from 2013 until 2020, has caused this plaintiff to be deprived of and violated of 14th amendment protections of parental rights liberty, child custody. Has caused the case to violate ASFA federal law, has caused cruel and unusual punishments in their prolonging the case matter in malice because it was not favorable to the outcome they chose and caused cruel and unusual punishments in their decisions of abuse towards this plaintiff. Whereas the pleader is entitled to reliefs from this court in a due process claim to have interference to because the due process was obstructed and fairness was taken away by the defendant and privy party actions that I am seeking if possible to have injunctive relief to have my son returned to me or to have ruling in regards to the deprivations caused by the parties actions. Additionally pleader is entitled to damages from documented and proven pain and suffering severe distressed caused by the defendant parties illegal actions and violations, and compensation for the money loss caused by the parties and privy parties actions. This plaintiff is requesting the reliefs sought or alternatives that this court can provide which would minimally be a trial on the facts of the actions of the parties under federal question to determine guilt or lack of that would be in orders to provide me the relief I am seeking without the court impeding on state ability to do its judicial functions. An order against the parties would have the same affect as an injunctive relief if they are found guilty in this court.

## Commissioner David Hansell and ACS

1. Commissioner David Hansell and his counsel Joseph Cardieri was sent a complaint of my case situation in 2018 asking him to review my case, explaining that Adriane Eisen had presented fabrications and false information she attributed as being on the evidence records but was not and her fabrications had an affect of being relied on instead of the direct evidence so it changed facts of the case matter.
2. I sent letters to NYS-OCFS in 2018 to the same request that ACS Commissioner would review my case stating that I am innocent so it can be withdrawn.
3. In 2019 I sent text message and email complaints to NYS-OCFS and ACS who responded to the forwarding of my complaint to ACS where I requested Commissioner Hansell to review my case matter and withdraw his petition against me.
4. Commissioner Hansell ignored my requests and never responded to me.
5. Commissioner Hansell has official capacity to review cases and make decisions of withdrawing petitions and cases that interfere with child custody
6. Most complaints to ACS went unresponded to such as letters to the ACS Law Department and emails in 2016; 2018, complaints and letters to ACS in 2016 and 2018, email complaints that went through NYS-OCFS to ACS in 2019 and a reply by mail occurred directing me to only take my issues to the Director Keisha Malphurs of Little Flower CFS. **Reference EXHIBITS A, B, O**

## New York City Liability parties

1. The following agencies was contacted in connection with having an official position over the case parties to my Family Court:
    a. NYS-OCFS from 2016-2020
    b. NYC-OCFS in 2016 but by the state office at other times after
    c. ACS Commissioner, Office of Counsel, Law Department, Office of Advocacy, ACS itself all within the same office building complex from 2016-2019
    d. Appellate Division First Department Attorney Grievance Committee
    e. Appellate Division First Department
    f. Commission of Judicial Conduct
    g. NYC Department of Investigations - Laura Millendorf
    h. NYC Public Advocate's Office
    i. All lawyer parties to the subject child case matter; NYS Family Court judges

2. The City Agencies that had official capacity over ACS, Like how ACS also had official capacity over Little Flower CFS, denied intercession, ignored my complaints, or passed the complaint to another agency DOI to Public Advoc. And Public Advoc. back to DOI.

3. The City agencies allowed and condoned in their lack of interventions at their official capacity to reprimand the situations with ACS and privy party Little FLower CFS to where I reported fabrications, case tampering, malicious prosecution, case mishandling and mismanagement, fraud and abuse, and abuse of the processes from ACS Adriane Eisen and Morgan Mollinoff and LIttle Flower staff

4. City and state agencies had official capacity over the judge and the lawyer parties in the case and I was under limitations as an incarcerated state prisoner that not only they condoned and allowed legal malpractices and abuses to occur in my case when they had official capacity to censure, etc but they also refused to give me the information necessary to provide them with whatever they needed (aside from my assertion to look at transcripts and court records of certain dates, including professional misconduct citations from NYCRR Section 1200) to prove my complaint of their actions.

5. City and State reacting with inadequate role that NYS-OCFS would only process complaints to NYC-OCFS regional and ACS but would not intervene when NYC-OCFS and ACS did not perform the job with common sense but superficial inadequate job performance or left information out.

**Assertion of facts to the story line of how the City is at municipal liability**

The City is a party because I was assigned various counsel whom i fully cooperated to and gave various evidences to including information from the Bellevue file that stated while i was in Bellevue for 15 days: I was 37 weeks pregnant, with high risk issues that resulted in a blood transfusion, i stayed until i was due, i was under psychiatric observation every day by the same assigned psychiatrist who was not called to testify, the assigned psychiatrist stated in the record in his notes that he was ordered to collect information and find out about me and my daughter and contact my family in pennsylvania that he did not prescribe me any medication because he found that i had no psychosis or affective condition, or depression as stated in the intake allegation etc., that i did request immediately upon being admitted; from MHLS to be released through court order that was not scheduled to be heard until the tuesday before my due date.

5

ACS filed a petition that was staitng I self reported, when I am not a psychologist, and they had no insight on the contents of the bellevue file when they filed that approximately 2-3 weeks later they amended petition in support of a 2 time psychiatrist instead of the 15 day psychiatrist and with false hearsay information from parties who also did not have access to the bellevue file contents that called ACS in the first place. That during trial the second assigned psychiatrist from the maternity ward who had and told me ACS was called when I woke up from ceserean major surgery that he impressed i was mentally retarded etc because i would not talk to him because i was extremely upset that ACS was called and I wasnt allowed to see my child, where at discharge he prescribed no medication and all that was also indicated in the Bellevue file. I complied with all services but 2 services and those 2 services was compensated for by engaging in similar or better services in my matter of compliances, and all information was made available to the case parties to my ability.

I attended to outpatient and inpatient observations to 4 State Licensed Mental Health Service providers: Sidney Hillman Clinic, Beth Israel Hospital, Cognitive Behavioral Services of Philadelphia, NYS-OMH. All of which had a unanimous pattern of agreement, pattern of behavior from me, similar diagnoses of trauma from separation of my son and court related, and that I was tested for and rationalized to not have any of the diagnoses that ACS alleged in their petition to my case and the amended petition. That was also explained to the defendants and privy parties that the trauma I was suffering was not a serious complicated mental illness that would fall into the guidelines of questioning parental fitness that my parenting skills were intact and good. Irregardless what i did the defendant parties and their privy parties enacted malicious prosecution. The foster agency staff defendant parties changed their testimony to the court in 2018 to lie against me of 2016 when I provided copies of all the emails corresponded to and from them in 2016 to the assigned counsel to me who did not produce any of the evidences that i gave to the trial record, that i asserted to the trial judge that i gave such and the trial judge told me the assigned counsel would put them on the record. Despite not doing that, the trial judge accreditted the change in testimony that completely contradicted the ACS Connections case interaction visitation logs and detailed records, that they alleged I was violent in front of children at the agency but that they did not call the police or notify the court to suspend visitation.

ACS Office of Advocacy even praised my books I made and sent to my son while incarcerated that although without support because the foster agency failed to protect him from mental health harm by not giving him accessing him to appropriate and qualified mental health services where as Barbara Simon is not clinical psychotherapy to treatment serious mental health DSM-V diagnostic impressions made in various psyche evaluations that the court MHS office staff recommended him to therapy which in a general sense as it was does not mean foster agency play therapy by foster agency staff but if you say therapy to anybody they immediately relate therapy to clinical psychotherapy and not a program by a private agency. This caused me severe emotional distress, i was diagnosed with PTSD with Panic Attacks because of the gross intentional actions and negligence of the defendant parties.

I additionally made complaints to various city and state agencies, where the state agencies would send the complaints and do further re-direct to their city regional departments. These agencies was (and including the ACS Commissioner himself): the ACS Counsel department of

6

Joseph Cardieri, N.Y.C-O.C.F.S, D.O.I., NYC Public Advocate Office, ACS Office of Advocacy, NYS Courts, State I.G., State Attorney General,

### A.C.S. and Little Flower CFS privy party

1. After my previous case SDNY 13-cv-08736WHP was dismissed to venue of the state courts etc. and the Bellevue file was released to me. The A.C.S Law Dept. staff had scored a win with the then family court judge by lying of the contents of the Bellevue file (and introduced the practice of creating verbal and typed reports of fabrications to the court record that literally distorted the contents of the evidence files that was on the court record which included the Bellevue record, the ACS Connections case interactions record, transcripts of testimony etc) to state that I was prescribed meds and refused the meds etc. when I was never prescribed psychiatric medication by any of the two psychiatrists of the Bellevue record. Additional to not being prescribed medication, the actual psychiatrist notes explained that I do not have "psychosis or affective condition" while completely unmedicated except for prenatal and medical medications given to me per late term pregnancy related. The psychiatrist per the amended who met with me twice and opined some mental illness allegations including mild mental retardation, recanted in 10-2014 testimony cross-exam that he acknowledged that I was very upset (the bellevue record also acknowledges that) at ACS being called on me and that I wouldn't talk to him about my feelings which led him to impress such a diagnoses of me.
2. Prior and up to the point of trial I fully cooperated and gave the court record a copy of my only mental health past history as an adult that acknowledged that I had some controversial issues as a teenager but that none of such carried on into adulthood, I passed an extensive standardized evaluation with high scores to be approved to go to college for a federal level degree program of Computer Forensics that I maintained Dean's List for most of 2 years therein and that the evaluation report specifically mentioned that I was recommended for such and determined a good fit compatible for that aspiration. My test scores proved no history of mental retardation or cognitive impairments that would be diagnosed by age 21, that my only history prior to my son being taken in 2013 was that I had a year therapy services after my grandmothers died a year apart where I completed the Cognitive Behavioral Therapy program and had a prior diagnosis of Anxiety. All of such was placed on the court record for the court's consideration to return custody of my child to me.
3. I had sent letters of complaint directly to the ACS Commissioners office, and Joseph Cardieri specifically asking for my ACS case to be reviewed and explaining of the fabrications, and fraud matters in 2015 and while I was incarcerated in 2018. I received no reply. The Commissioner in his official capacity has signed the documents to the Family Court matter and has been the petitioner against me represented by the ACS Law Department. In the Commissioners official capacity, a review of the case and actions could have been made to prevent, to intervene, and to rectify the matters on part of ACS party to not proceed in such a way against me, to the point that absence of a

case matter action their case could have been withdrawn. ACS parties are also responsible for the subject child receiving qualified supportive services to not alienate me as a part and to help maintain and strengthen our relationship damaged by the foster care separation, even prolongedly, but the ACS party has taken the action to declare that adoption should take place because of emotional distress displayed to react in the best interest of the subject child, their own mental health treatment determination to the matter rather than involving the mental health qualified providers to expert opinions, deal with the matter and present the options.

4. ACS Law Department issued a report and verbal report to the court in approximately 10-2014 trial, shortly before Judge Pauley dismissed my 13-cv-08736WHP case explaining to the court false information that ACS Law Department attributed to the Bellevue Subject case record stating that the reason why I was denied custody was because I had refused to take psychiatric medication. The Bellevue record affirms I was not recommended any psychiatric medication nor was I prescribed any psychiatric medication, and explained all good reports about me and my ability to care for my child, that physician notes specifically said that I did not have any psychosis or affective condition as per the ACS petition **Reference EXHIBIT B. ACS Petition, ACS Amended Petition, 10-2013 ACS court report (Ms. Gomez)**

5. Also in the documented report they called me Ms. Gomez whereas my name has never been Ms. Gomez. **Reference EXHIBIT B 10-2013 ACS court report**

6. I went to ACS Office of Advocacy several times from 2013-2016 and wrote to them in 2018. Each time they failed to give me any services, explained they had advocates for parents but never contacted me or assisted me with my case after they took my phone number and said they would and I went back to them at least 3 times total where they produced the same results of listening to my pain and suffering and no services.

7. At every turn of the case, when I never had incidents or episodes of mental illness and I was fully compliant, Adriane Eisen would distort, fabricate reportings of the record contents to a distortion. Adriane Eisen distorted the record contents to Judge Knipps 1-29-2015 decision and prior **Reference EXHIBIT B**

8. Additional to Number 4, Sheila Johnson and Little Flower CFS staff also refused to provide service plan referrals, made me search for my own services, despite always having good visits and successfully completing all service plan services and extra services where thereafter I showed I benefitted (but sheila Johnson and other staff gave inadequate visitation details to the ACS Connections log record and this was brought to her attention where she was asked to give details to prove that I benefitted but her and other staff refused and continued as they did), withheld a lot of information from the court, but ultimately refused to case progress my case to reunification of custody and subsequently did not present anything in my favor and withheld anything but certificates of program completions and superficial inadequate visitation reports to ACS and did not participate to the goal change conference in front of ACS facilitators to say anything in my favor during that discussion of visits and programs Sheila Johnson stayed quiet next to ACS Adriane Eisen despite the goal being unchangeable by them and was remaining at reunification of custody by court order, when ACS Adriane Eisen told ACS facilitator I

8

do not believe Ms. Wrobleski benefitted from programs. Sheila JOhnson deliberated and subtly implied negative influences to my case matter to cause me to lose my son. **Reference EXHIBITS I found my own services, Reference SDNY 13-cv-08736WHP**

9. During 2016, Sheila Johnson complained to ACS and subsequently the complaint went to my assigned counsel that I was trying to talk to her about the case, court and that I was very upset and angry. No incidents of mental illness behavior or episodes was reported or documented.
10. Thereafter I was incarcerated 2017-2019 and Sheila Johnson fabricated reports in 2017 to say lies of what happened at NYS-DOCCS recorded visits. **Reference EXHIBIT K**
11. In 2018 Sheila johnson changed her testimony in 2018 from the ACS case records contents to that of tried to influence the court to believe that I was mentally ill, violent and with severe anger problems, that in 2016 and 2017 (when I was discharged from MHS successfully, so I was not on medication and was able to function without panic attacks without medication) that I was always violent and verbally abusive towards her at visitation in front of small children and my son, but that the court was not informed of such and the police was never notified. In 2017 she said i was also verbally abusive towards her and violent (while I was incarcerated, and state correction officers was present at all times). **Reference EXHIBITS E, K, O**
12. In 2019, Little Flower staff ignored my requests and my parental interventions to have my son put in qualified MHS and OPWDD involvements that I offered to pay for. Additionally Little Flower issues monthly court reports to the ACS Law Dept. who in turn issues them to the NYS Family Court case matter. In 2019 I gave Little Flower CFS staff case planner and supervisor, who took Sheila Johnson's place, several dozens of relevant case documents of MHS reports, records, certificates to programs completed, items from programs completed that show benefitting in programs, that Little Flower CFS staff refused in all of 2019 to add to the court record and to present, where they had plenty of opportunity to add the items to the court record through ACS as is their job function to case plan and social work with the respondent. **Reference EXHIBIT B, I**
13. Little Flower CFS staff have case tampered with what contents will and will not go onto the NYS Family Court record pertaining to this plaintiff and her son. **Reference EXHIBITS**
14. ACS Adriane Eisen was given ACS Connections record access to visitation notes and foster agency notes from Little Flower to the ACS record which is a computer database that gives immediate data entry accesses to both parties ACS and Little Flower CFS and despite the notes of all good visits etc she decided that I had behavioral health problems and continued at each permanency planning hearing to refuse me custody, to refuse case progression, to make unsubstantial allegations, to distort evidence record contents including an incident that happened 9-12-2014; in 2016 reports that because of that she does not believe I benefited from the service plan that was completed after that but she mislead the court to exclude that piece of information **Reference EXHIBITS A, E, D**
15. ACS parties have case tampered with what contents will and will not go onto the NYS Family Court record pertaining to this plaintiff and her son

9

16. Despite all services was completed and my full successful cooperations occurred, ACS Adriane Eisen continued to dilligently and unsubstantially assert a case against me despite I completed all services timely and had good visits with or without visit details
17. Little Flower CFS staff Sheila Johnson and privy parties refused to elaborate visit details to the ACS Connections record, however they explained that I had good visits **Reference EXHIBIT E, A, B, K, O, D**
18. Little Flower CFS staff refused in 2016 to case progress my case that was going into its 3rd year in foster care with all service plan services completed and despite good visits, successful completions etc Sheila Johnson and Little Flower CFS staff refused to recommend my case to ACS to progress to unsupervised and to reunification of custody measures as was the court ordered goal of reunification of custody from 10-2013 until 2-2018 **Reference EXHIBIT A, D**
19. In June 2016 Adriane Eisen of the ACS Law Dept. unsubstantially stated in (an attempted) goal change conference that she did not believe that i had benefitted from the service plan services that i had already successfully completed entirely the first of two times I completed the same services. The foster agency staff defendants was not reporting details of my visitation and successful completions of various services from the service plan and not from the service plan to where i displayed excellent parenting skills at visits. These was reported irregardless to the ACS through the court record, the ACS Connections case record that stated all good visits, in the June 2006 meeting also was told to the ACS parties that this plaintiff did all she was suppose to do and did not cause any problems at visits or to anybody but had good visits. ACS was given sufficient information to come to these determinations but instead made unsubstantiated concocted allegations of "we don't think she benefitted from services" despite that the foster agency staff defendants made brief reports that visits were good. The foster agency staff defendants made absolutely no recommendation for case progression to the actual court ordered goal of reunification of custody. During that same month and year, i met with the foster agency staff defendants to discuss such and they explained that they could not recommend case progression because Adriane Eisen said I have behavior health problems. The foster agency staff lied when it was in their official capacity to make such recommendations or not to the ACS Law Department that they are directly connected to through the ACS Connections computer system case interaction and communications. Just like they lied on the permanency hearing reports consistently stating that I had Schizophrenia, Depression, and anger problems yet nothing substantiated that and they had enough interactions with me to discover that I was lucid and had no such reported, documented episodes plus never medicated for those specific issues.
20. Also, the foster agency staff defendants was stating in their reports that I was self reporting schizophrenia in Bellevue as the reason my son was taken and then stating that i was actually diagnosed with schizophrenia in the area of their Permanency reports where they are suppose to be reciting the case work they was suppose to be doing with me to the goal of reunification of child custody that was in place from 10-2013 until 2-2018, but instead of working the case the foster agency staff defendants stated that i

10

was schizophrenic and suppose to be mental health services and gave minimal discussion about my completing the service place programs twice plus all the extra programs I completed that was not ordered by A.C.S. Simultaneous to ACS Law Dept. parties presenting false information to the court verbally and in their own reports to the court, the foster agency staff defendants were also doing the same fraudulent misrepresentation that this party had to rely on to get custody of her son because there was no other way.

21. Dwight Kennedy who was retained as counsel by Antonino Esposito of Little Flower CFS was informed on the record at various points: 7-9-2018, 12-3-2018, during TPR trial testimony. Additionally a complaint to Antonino Esposito was sent to Esposito directly via email explaining that the mental health records on the record provided I am innocent, I fully complied, I had excellent visits and proved my parenting skills, and that the case should be withdrawn **Reference EXHIBITS**
22. At various points of the years the case was open in violations of ASFA of 1997 law, ACS Law Department was sent letters informing them of facts of the matter to give them reason to believe that the Article 10 case matter should be withdrawn, that my behavior isnt episodes of schizophrenia or severe mental illness, I had consistent interactions with ACS and the Court for them to know that I was not presenting ever as a person with mental illness or mental illness per their allegations, that I am innocent of the allegations ACS put against me. ACS was given reason to believe that I was innocent and pursued the case with privileges from the judges to pursue and produce unsubstantial case matters, allegations to their cause.
23. ACS Morgan molinoff took over the case after Adriane Eisen left and continued with the same fabrications that Adriane Eisen left to her, and also ignored my correspondences sent to her.

### Barbara Simon

1. Barbara Simon is an employee of Little Flower CFS who is a LCSW Play therapist of children prolongedly in the foster system and having minor struggles
2. Barbara Simon is not in a Clinical MHS environment under her employment status that includes Little Flower CFS make-shift MHS department but does not have the same methods as a clinical MHS agency has whereas there is a psychotherapist, psychologist, psychiatrist treatment team that has patient interactions monthly for psychiatry, and collaborations from psychologists and psychotherapists to treatment methods such as CBT, RET, DBT programs = treatment.
3. Barbara Simon has continuously produced inadequate services with no recommendations to qualified MHS or developmental delay agencies to the subject-child who has deteriorated under her inadequate care
4. Barbara simon has produced biased, one-sided reports in favor of the foster parents and LIttle Flower CFS agency that prohibitted my participation

11

5. Barbara simon continuously recommended 6 months more of her play therapy program as the treatment, to the court
6. Barbara simon recommended and enacted parental alienation, PAS, as the treatment for the subject-child having symptoms after visiting me allegedly but not provenly, and as a response to the subject-child's trauma at the prison environment
7. Barbara simon demanded to know from the court why in regards to me having telephone contact or visits in 2019, and also because she is unqualified to formulate a mental health expertise and professional opinion to the answer of the ability to have visits, barbara simon admitted to the parental alienation as preparing him for adoption pre TPR trial conclusion
8. Barbara Simon has not effectuated a known treatment method that clinical MHS do
9. Barbara simon reported that I self-reported schizophrenia etc as her judgments about me. That I contacted barbara simon and she refused to return my calls, messages. In my contacting barbara simon I explained of not being mentally ill and things about my son but she refused to contact me or allow me to participate in the play therapy parental participations from 2015 until 2020.
10. Barbara simon is not qualified to deal with developmental delays, and the serious DSM-V diagnoses and Intellectual developmental disability impressions listed for the subject-child and has deceived and allowed to be deceived the court of her official capacity as being expert, clinical mental health care and not the LCSW agency play therapist that she is. (Having experience in clinical and being in clinical in the current case are two different matters when the subject child was recommended to therapy by court MHS which generally means MHS clinical outpatient care and not private foster agency program therapy designed for children with mild to moderate trauma when the agency produced serious traumatic results to our lives to list us as serious trauma and not mild to moderate separation related trauma struggles in temporary foster care system designed not for 6 years but for 15-22 months. There is a difference.)
11. Barbara Simon adjusted her reports to include only biased information and promoted herself as a qualified psychotherapist to treatment serious mental illness diagnoses, but was in fact not qualified on that level or in a clinical environment setting along with factually, according to reports did not provide any standardized known clinical treatment plan or medication assessments to the subject-child that a clinical mental health service providers would provide, while she knew factually that the subject-child was diagnosed with serious mental health and developmental impressions that was beyond her qualifications, Barbara Simon continued to take his case; and did not make appropriate recommendations as a mandated reporter to the appropriate qualified outside agencies to the best interest and well being of the subject child and has caused the subject child's mental health deterioration by presenting such facade of her credential abilities that in his case required a professional psychiatrist and psychologist clinical interventions, and separate from mental health services required treatment centers that deal with developmental delays; trauma and cognitive impairments such as OPWDD. Barbara Simon additionally used her position to fabricate reports to the court against my having

12

any visitation, unsubstantially according to what a mental health service provider would detail as to what would and could occur, with recommendations.

### A.C.S. & privy parties colluding

1. Legal Aid Society was assigned as the child lawyer and also replicated the practices of verbally distorting contents of the case record to support the ACS parties during Permanency Hearings where they remained unanimous to an emotional plea of adoption as specifically stated and had no concern or care for the legal standards of the case or truth or justice as asserted in the escalated conduct on the court record who also offered distortions of the information so that the subsequent judges would rely on their reports and not on the evidence on the record that case parties made false statements against.
2. Legal Aid in colluding with ACS in fabricating verbal reports to the court record that are contradicted by evidence but was designed to take the place of the evidence where the Lawyer parties did not produce an exhibit to substantiate claims also did a presentation on 1-28-2020 during the trial
3. Legal Aid in colluding with ACS refused to zealously represent their child-client to receive qualified, appropriate services. Also refused with ACS to attain services to support parent-child bond weakened by the state interventions. And limited its representation to the ACS agenda of enacting a vicious adoption scam interests and not the child-clients all around interests

### David Usdan

1. The Court MHS office produced 5 meetings with this plaintiff. By 3 individuals, in over 5 years of the case history, spread out over years time frame.
2. David Usdan committed fraud and collusion with the colleagues of his agency and with the court staff and case parties in opposition of me.
3. David Usdan created a 30 page report that alleged that I entrusted myself to him to confide in him mental health related informations that I have consistently denied and never reported prior, so as to create a profile of me that is consistent with the ACS petition; amended allegations, the foster agency and case party demands, and misconstruing from other reports that could be made to support the ACS parties and reflect negatively against me when in fact they was not.
4. David Usdan did the exact same fabrication of reports to demonstrate that evidence says and reflects what the evidence did not say and reflect to support case opposition against me.
5. The behaviors David Usdan exhibited was honest service fraud.
6. David Usdan interviewed me twice: once on 2-1-2018 and then on 9-22-2018. Both times David Usdan met with me for 6 hours each. The first time was to explain a detailed time line of my life from 1980 until present to that time, events, reasoning to what i did, how others treated me, things I remember and did good or bad. The second interview was to re-question certain things that I had already explained so I reexplained because

the truth did not change. David Usdan argued with me that because I had history in mental health as a teenager, and later when I was 26 for Anxiety that I had a life long history and that he was going to tell that I had a lifelong history, BPD and Bipolar from my 2006 evaluation. I yelled at him where as he labeled that aggression and violence and further damaged my character to the court to make me appear as he said and gave his decision that I would not be a fit parent now or in the future that my mental illness is so complex that even treatment would not work.

7. The diagnosis impressions that David usdan made against my character, the treatment programs was already completed for those type of mental illnesses in my immediate history and i was directly stated on those records that I did not have BPD or any of the ACS alleged mental illnesses

Wherefore, all I have presented in third amended, motion of opposition is supported in Exhibits produced with this and to my ability and each allegation can be referenced to the contents of the Exhibits to find that it is true and correct.

The defendants and privy parties actions was of fraud, case tampering, legal malpractice, malicious prosecution, abuse of the processes to not for what they are meant for.

The defendant parties and their privy parties made a fraud scheme of my Family Court case matter which caused me loss pertaining to my 14th amendment life liberty and property

The defendants should be made to support each and every accusation and allegation that they bring to this court against me instead of assert things on the record that was allowed unsubstantially in the NYS Family Court NYC without an attached exhibit.

In that I am asserting the following: The defendants and privy parties actions was of legal malpractice, malicious prosecution, abuse of the processes not for what they are meant for. The defendant parties actions denied me equal protections under the law and procedural due process equal to others of similar or worse cases than mine, where I fully cooperated, and aside from 1 traumatic incident in 9-2014 where I refused to give my son back to the foster parents because the foster agency defendant parties was in contempt of court order to have me in supportive dyadic therapy which is for trauma from separation by the foster system specifically, I had reportedly went from remission to severe panic attacks at the continuous cruel cycle of returning my son to strangers weekly to that incident. Other than that incident there is no substantiated incidents or episodes of behavioral health from me in 6 and a half years of a case matter. The defendant parties and their privy parties made a fraud scheme of my Family Court case matter which caused me loss pertaining to my 14th amendment life liberty and property

### Injuries

(Describe your injuries and what medical if any you received)

The injuries that I received was that I never before had a trauma diagnosis in my past history of mental health services which from the age of 18 in 1998 until 2013 (15 years) I only had a 1 year clinical psychotherapy, with a diagnosis of Anxiety that was treated with meds and a 9 month program called C.B.T as my history.

Because of the defendants and privy party actions, I provenly, documentedly, reportedly suffered and had symptoms of severe emotional distress and trauma and had to undergo treatment.

14

Additionally i was unable to hold a job and was approved for 3 years of temporary SSI during the treatment periods 2015- until 1-2017 incarceration. My quality of life has not recovered that I am without my children and under limitations to my ability to have children and have a family because of the defendants actions caused harm and limitations to my reproductive rights that I am allowed to reproduce but I would be subject to state CPS interventions on taking my reproduced offspring

Whereas since my son was taken I immediately showed reported signs of trauma, severe emotional distress and crying in the early reports from bellevue, Beth Israel, Sidney Hillman Clinic, Cognitive Behavioral Services of Philadelphia, and NYS-OMH. I developed PTSD symptoms and Panic Attacks that I had to do a psychotherapy program of Dialetical Behavioral Therapy for 9 months plus subsequent mental health services from Cognitive Behavioral Services Center and NYS-OMH that both reported my severe emotional distress, anxiety and panic attacks, PTSD symptoms and that the causation was from the case parties actions and the separation of my son from my custody.

The actions of the defendant and privy parties in my case matter was psychological torture and caused me severe distress and agony

Due to the actions of the defendants, and their privy parties I have suffered a loss over a 6 and a half year period of my rights to life liberty and property protected by the 14th Amendment of the U.S. Constitution namely my child custody, my parental rights liberty, the quality of life that I once enjoyed.

I had to pay out of pocket expenses to entertain the issues that the defendants and their privy parties have subjected me to rather than granting me due process in equal protection of the law that they give to other case parties similar or worse than mine that qualified for a service plan chance to reunification of custody as I did and completed successfully all of such except 1 service I was kicked out of that the agency contracted, and another service I was kicked out of but did the same service or better twice since I was kicked out of that service and immediately after I found a better parenting class than that class I was kicked out of in Brooklyn because I was not racially welcomed and was treated stereotypically as a disrespectful white female. Of various incidents that I had to pay out of pocket expenses.

My out of pocket expenses have occurred over the 6 and a half years of the co-related case matter of discussion, that approximately half of was reimbursed in travel reimbursements.

**IV. Relief**
(Stating briefly what money damages or other relief that I want the Court to order)
I am seeking punitive damages so as to detour the same conduct from ever happening again or from continuing since I am in appeals and with Higher Court intercessions.
I am seeking compensatory damages for the severe emotional distress that I have suffered and I am seeking injunctive remedy that would rule on the defendants actions of violation of my civil rights that would serve as a means for me of my own accord and not impose upon federal court to impede on state court actions but that I can get a trial of these claims to produce the guilty results to the state higher courts to take into consideration in returning my child to my custody. That if at all possible I am asking for injunctive relief to the affect to return my son to my custody because my substantive and procedural due process rights was obstructed by the actions of the

15

defedants and privy parties illicit, customs and practices, misconduct, malpractice, fraudulent actions that influenced and tampered with the state court impartiality and lack of and ability to proceed in fair proceedings.
And all other relief possible.

## V. Plaintiff's Certification and Warnings

By signing below, I certify to the best of my knowledge, information, and belief that:

1. The complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation);
2. The claims are supported by existing law or by a nonfrivolous argument to change existing law;
3. The factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4. The complaint otherwise complies with the requirements of Federal Rules of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking proceed without prepayment of fees, each plaintiff must also submit IFP application.

4-17-2020
Dated

Jessica Wrobleski
Plaintiff's Signature

Jessica Wrobleski
190 Henry Street 1st fl.
Broome County
Binghamton, New York 13901
T: 607-621-0884   E: Wrobleski0138@gmail.com

16