USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/24/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
JESSICA WROBLESKI,                                         :
                                                           :
                           Plaintiff,                      :
                                                           :      18-CV-8208 (VSB)
              - against -                                  :
                                                           :      **OPINION & ORDER**
CITY OF NEW YORK, et al.,                                  :
                                                           :
                           Defendants.                     :
                                                           :
-----------------------------------------------------------X

Appearances:

Jessica Wrobleski
*Pro se Plaintiff*

Chlarens Orsland
NYC Law Department, Office of the Corporation Counsel
New York, New York
*Counsel for Defendants the City of New York and David Usdan*

Elizabeth Katumbi Kimundi
Brooklyn, New York
*Counsel for Defendants Little Flower Children & Family Services, Sheila Johnson, and Barbara Simon*

Annemarie Susan Jones
Lewis Johs Avallone Aviles, LLP
Islandia, New York
*Counsel for Defendants Little Flower Children & Family Services, Sheila Johnson, and Barbara Simon*

VERNON S. BRODERICK, United States District Judge:

      Before me are two motions to dismiss the Third Amended Complaint of pro se Plaintiff Jessica Wrobleski ("Plaintiff"). (Doc. 58.) These motions to dismiss were filed by Defendants the City of New York, David Usdan, Little Flower Children & Family Services ("Little

Flower"), Sheila Johnson, and Barbara Simon.[1]  Because I find that this case in an attempt to challenge Defendants' actions in an ongoing case in Family Court of the State of New York, County of New York; Plaintiff's case in Family Court involves important state interests concerning child custody and parental rights; and Plaintiff has state court avenues of review, *Younger* abstention applies and the motions to dismiss are GRANTED.

## I.  Background[2]

In or around late September and into early October of 2013, Plaintiff was a patient at Bellevue Hospital "for 15 days" because she "was 37 weeks pregnant, with [sic] high risk issues that resulted in a blood transfusion." (TAC 5; Kimundi Decl. Ex. A. ¶ 7.)[3]  She was also "under psychiatric observation" and was supposed to stay at Bellevue under continued care until she gave birth. (TAC 5.)  At some point around when Plaintiff gave birth to her son, a proceeding was initiated in the Family Court of the State of New York, County of New York to take custody of Plaintiff's son and to assess whether to terminate Plaintiff's parental rights (the "Family Court Proceeding"), allegedly for various reasons that are disputed, including that Plaintiff "had refused to take psychiatric medication." (TAC 3–4, 8; *see also, e.g.*, Wechol Decl. & Ex. A

---

[1] The Third Amended Complaint also names as a Defendant David Hansell in his official capacity as the Commissioner of the City of New York's Administration for Children's Services, but Hansell appears never to have been served, nor has he appeared in this action.

[2] The facts set forth in this section are based on my liberal interpretation of Plaintiff's Third Amended Complaint, (Doc. 58). I also consider certain exhibits attached to declarations, as well as public filings in court cases concerning the allegations Plaintiff raises in the Third Amended Complaint. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (citation omitted)).  I assume these factual allegations to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "TAC" refers to the Third Amended Complaint filed by Plaintiff in this action on April 23, 2020. (Doc. 58.) Because the TAC repeats the same paragraph numbers multiple times, I refer to page numbers of the TAC generated by the Court's Case Management/Electronic Case Files system rather than referring to numbered paragraphs. "Kimundi Decl." refers to the sworn declaration of Elizabeth K. Kimundi and attached exhibits filed on March 6, 2020 in support of the Little Flowers Defendants' motion to dismiss. (Doc. 53.)

(ordering that Plaintiff attend a mental health evaluation as part of the Family Court Proceeding).[4])  The Family Court Proceeding, which is still ongoing,[5] at some point issued an order terminating Plaintiff's parental rights.  (*See id.* 4, 15; *see also* Werchol Decl. ¶ 3.)

In December 2013, Plaintiff filed a pro se action in this Court against the City of New York and various other defendants, including Bellevue Hospital, in which she sought relief over her prenatal hospitalization, the loss of custody over her son, and alleged violations of her due process rights in the course of the Family Court Proceeding.  *See Wrobleski v. Bellevue Hospital* ("*Wrobleski I*"), No. 13cv8736, 2015 WL 585817, at *1 (S.D.N.Y. Jan. 30, 2015).  That case was dismissed for various reasons, including that the doctrine of *Younger* abstention as set forth by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, barred this Court from taking jurisdiction over her case.  *See* 2015 WL 585817, at *2–3.

As in *Wrobleski I*, in this action Plaintiff alleges that the various Defendants took actions during and related to the Family Court Proceeding that violated her "substantive and procedural due process[]" rights, which served to deprive her of her [sic] "14th amendment parental right liberty interest and child custody."  (TAC 2.)  Plaintiff names the following parties as Defendants in this action:

- Commissioner David Hansell of the City of New York's Administration for Children's Services for his alleged failures to respond to Plaintiff's complaints about the Family Court Proceeding, (*id.* at 4);

- The City of New York for the alleged failures of various of its institutions and

---

[4] "Wechol Decl." refers to the sworn declaration of Marcia Werchol and attached exhibit filed on March 5, 2020 in support of the City Defendants' motion to dismiss.  (Doc. 47.)

[5] *See* New York State Unified Court System, WebFamily, https://iapps.courts.state.ny.us/fcasfamily/File (search New York - Family and File Number 217607).

3

agencies in "allow[ing] and condon[ing] in their lack of interventions at their official capacity to [remedy] the situation[]" that led to Plaintiff's loss of custody and parental rights, (*see id.* at 5);[6]

- David Usdan, a mental health expert appointed by the Family Court to evaluate Plaintiff, for "commit[ting] fraud and collusion" in the course of creating expert reports for use in the Family Court Proceeding, (*see id*. at 13); and

- Little Flower, a private foster care agency, and its employees Barbara Simon and Sheila Johnson, for their alleged failure to provide Plaintiff various "services," and for not taking sufficient steps to allow Plaintiff to "progress [her] case [for] reunification of custody" with her child, as well as for "tamper[ing]" with reports created for use in the Family Court Proceeding, *(id*. at 7–10, 11–12 (claiming that Simon "produced biased, one-sided reports" for use in the Family Court Proceeding and "recommended and enacted parental alienation")).

Plaintiff filed this action on September 7, 2018. (Doc. 1.) She later filed her Second Amended Complaint on June 18, 2019. (Doc. 20.)[7] Defendants filed their motions to dismiss and papers in support of their motions on March 5 and March 6 of 2020. (Docs. 46–48, 50, 52–54.) On April 23, 2020, Plaintiff filed her Third Amended Complaint, (Doc. 58), which I ordered as timely filed nunc pro tunc, (Doc. 61), as well as a brief opposing the motions to dismiss (Doc. 59).[8] Defendants filed a letter asking that I proceed to assess their arguments for

---

[6] The "agencies" Plaintiff names include the "Appellate Division First Department" and "[a]ll lawyer parties to the subject child case matter; NYS Family Court judges." (*Id*.)

[7] In late 2019, Plaintiff also filed an Article 78 proceeding in the Supreme Court of the State of New York, New York County, challenging the Family Court proceeding; this challenge was dismissed with prejudice on December 16, 2019. (Doc. 51-1.)

[8] On May 21, 2020, Plaintiff also filed further opposition briefing styled as a "Motion for Summary Judgment." (Doc. 64.)

4

dismissal made in their earlier filed papers, (Doc. 62), and I granted Plaintiff leave to file a sur-reply by July 25, 2020, (Doc. 63). Defendants filed their reply papers in support of their motions on June 24 and 25 of 2020. (Docs. 65–68). Plaintiff filed sur-reply papers on July 9, 2020, (Doc. 71), and on July 21, 2020, (Doc. 72).

## II.  Legal Standards

### A. *Rule 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question") (internal quotation marks omitted). While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11 Civ. 1169(PAC)(RLE), 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

B.  *12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted).  In ruling on a motion to dismiss, a court "may also consider matters of which judicial notice may be taken," *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted), which includes "documents either in [a] plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit," *Kalyanaram v. Am. Ass'n of Univ. Professors*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation marks omitted).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal

6

quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id*.

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  See *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest."  *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).  Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations.  See *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (citation omitted).

## III. Discussion

### A. *Jurisdiction*

Plaintiff's pleadings largely concern whether her "substantive and procedural due process[]" rights were violated in the course of the ongoing Family Court Proceeding; she claims that "the defendant parties and privy parties committed fraud, abuses, misconduct, malpractices, deliberately to obstruct, interfere with," and generally undermine the fairness of the Family Court Proceeding.  (TAC 3–4.)  The Third Amended Complaint's allegations clearly implicate the *Younger* abstention doctrine, which requires a federal court to refrain from exercising subject matter jurisdiction over a case where (1) there is an ongoing state proceeding; (2) that proceeding involves important state interests; and (3) the plaintiff has a state court avenue for review of her

7

constitutional claim.  *See Grieve v. Tamerin*, 269 F.3d 149, 152 (2d Cir. 2001); *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999).  The Supreme Court has extended *Younger* to "particular state civil proceedings that are akin to criminal prosecutions or that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (internal citation omitted).  As a result, *Younger* abstention can be applied in three "exceptional" circumstances:  "'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* at 73 (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989)).

In *Chen Xu v. City of New York*, I held that a plaintiff who "raise[d] substantive and procedural due process claims" in an attempt to mount "a collateral attack on New York Family Court orders issued in an ongoing custody proceeding . . . f[ell] squarely within the class of cases in which *Younger* abstention is warranted." 19-CV-3760 (VSB), 2019 WL 5865343, at *4 (S.D.N.Y. Nov. 8, 2019), *appeal dismissed, mandamus denied sub nom. In re Chen Xu*, No. 19-3275 (L), 2020 WL 2537646 (2d Cir. Feb. 27, 2020), *cert. denied*, 141 S. Ct. 610 (2020).  I find the same reasoning applies here.  Plaintiff is attempting to challenge Defendants' actions within and relating to the ongoing Family Court Proceeding; the Family Court Proceeding involves important state interests concerning child custody and parental rights, *see, e.g.*, *id.* (*Younger* abstention required "when a plaintiff 'seeks declaratory or injunctive relief that would interfere with a state court's ability to perform its judicial function in an ongoing custody proceeding.'") (quoting *Bukowski v. Spinner*, 709 Fed. Appx. 87, 88 (2d Cir. 2018) (summary order)); and the Plaintiff has state court avenues of review, both through appeal and potentially through an

Article 78 challenge, *Astoria Gen. Contracting Corp. v. Office of Comptroller of City of New York*, 159 F. Supp. 3d 385, 397 (S.D.N.Y. 2016) (*Younger* applies where a plaintiff can raise his constitutional claim in an Article 78 proceeding following an administrative proceeding) (citing *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 194 (2d Cir. 2002)).  Indeed, when Plaintiff's earlier-filed Article 78 proceeding was dismissed, the accompanying order in that case stated that "[t]he instant Article 78 Petition is premature . . . [Plaintiff]'s recourse is to await the conclusion of the Family Court [Proceeding], including any appeal."  (Doc. 50-1.)

       Plaintiff argues that *Younger* is not applicable because this "action is not a direct case action to a state court case action." (Doc. 59, at 34; *see also* Doc. 71, at 1–2).  Plaintiff's argument seems to misconstrue *Younger* as only barring jurisdiction in the narrow circumstance where a plaintiff requests direct interference with a state court proceeding.  This is incorrect because *Younger* applies where a plaintiff seeks an order from a federal court that would "frustrate [a] state's interest in enforcing the orders of the Family Court" or that would function to decide issues in a state proceeding that the state court system can decide itself.  *See, e.g.*, *Black v. Ranley*, 17 Civ. 9026 (KPF), 2018 WL 2766138, at *13 (S.D.N.Y. June 8, 2018) (citing *Bukowski*, 709 Fed. App'x at 88); *Astoria Gen. Contracting Corp.*, 159 F. Supp. 3d at 397.  Plaintiff seeks, among other things, an "injunctive remedy that would rule on the defendants['] actions" by finding that they violated Plaintiff's "civil rights."  (TAC 15.)  Plaintiff expressly intends to use any such order I issue in "the state higher courts" for "consideration in returning [her] child to [her] custody."  (*Id.*)  She also seeks "injunctive relief . . . to return [her] son to [her] custody because [her] substantive and procedural due process rights w[ere] obstructed." (*Id.*)  If I were to provide Plaintiff with the remedies she seeks, I would be substituting my judgment for that of the state court system, and I would be doing so without first allowing the

9

state judicial system to resolve the issues Plaintiff raises. The remedies Plaintiff seeks are precisely what the *Younger* doctrine forbids me to do.[9]

Accordingly, because I do not have subject matter jurisdiction over this action, I do not and cannot reach the merits of Plaintiff's claims.

### B. *Leave to Amend*

"A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). Plaintiff has already amended her complaint in this action three times, and there is no indication that a fourth will lead to her pleading a claim for which I could grant her relief. Specifically, since Plaintiff seeks to challenge the actions and rulings related to the Family Court Proceeding, there do not appear to be any allegations or legal theories she could assert that would not be precluded by the *Younger* doctrine. Granting her additional leave to amend would thus be futile. *See Wrobelski I*, 2015 WL 585817, at *3 (finding futility after Plaintiff "already had two chances to amend her [c]omplaint" in her prior action in this Court).

### IV. <u>Conclusion</u>

Just like the court in *Wrobleski I*, I empathize with the Plaintiff's pain over the loss of custody of her child. However, there is nothing that any judge of this Court can do to provide Plaintiff with the relief she seeks.

For the foregoing reasons, the motions to dismiss are GRANTED. The Clerk of Court is

---

[9] Plaintiff also requests money damages based on the alleged violations of her due process rights in the Family Court Proceeding, but this request is also barred. *See Ellis v. Little Flower Children's Svcs.,* No. CV 99–0503(RR)., 2000 WL 516887, at *5 (E.D.N.Y. March 1, 2000) (Raggi, J.) ("Because any award of damages to plaintiff would require this court to find that the state court wrongly decided the custody issues before it, *Rooker/Feldman* requires dismissal.").

directed to mail a copy of this Opinion & Order to the pro se Plaintiff and to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 24, 2021
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge